UNITED STATES OF AMERICA
U.S. DISTRICT COURT – EASTERN DISTRICT OF MICHIGAN

JOSEPH LUTHER,

    Plaintiff,                          DEMAND FOR JURY TRIAL

-vs-

CONVERGENT OUTSOURCING INC.
and PALISADES COLLECTION LLC,

    Defendants.

## COMPLAINT – CLASS ACTION & JURY DEMAND

### Jurisdiction

1. This court has jurisdiction under the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*, "FDCPA"), under 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331 and 1337.

### Parties

2. Joseph Luther lives in Novi, Michigan.

3. Convergent Outsourcing Inc. – a Washington corporation located at 800 S.W. 39th Street, Renton, Washington 98057, that does business in Michigan, and whose registered agent is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025 – is a "debt collector," as that term is defined in the FDCPA. It specifically seeks to collect on consumer debts originated by others, using the mail, telephone and electronic wire systems to do so.

4. Palisades Collection LLC – a Delaware limited liability company located at 210 Sylvan Avenue, Englewood, New Jersey 07632, that does business in Michigan, and whose registered agent is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025 – is a "debt collector," as that term is defined in the FDCPA. It specifically purchases defaulted consumer debts originated by others (often at rates of less than ten cents on the dollar), and then attempts to collect on these debts through suits filed on its behalf.

It has been the plaintiff in more than 500 collection lawsuits that have been pending in Michigan during the year prior to the filing of this action. In all of this, it uses the mail, telephone and electronic wire systems in the course of its debt collection activities.

### Venue

5. Since defendants' collection communications were received by plaintiff here, and defendants do or transact business here, venue is proper in this District

### Facts

6. On or about January 16, 2015, Convergent Outsourcing, on behalf of Palisades Collection sent Luther the letter attached as Exhibit 1, in an attempt to collect on a debt incurred for personal, family or household purposes.

7. On January 16, 2015, more than six years had elapsed since the last payment or activity on the account.

8. The statute of limitations on a contract in Michigan is six years, per M.C.L. §600.5807.

9. Convergent Outsourcing and Palisades Collection regularly attempt to collect debts on which the statute of limitations has expired, without disclosing that fact to alleged debtors, as a matter of policy and practice.

10. Convergent Outsourcing regularly sends letters in the form of Exhibit 1 on debts on which the statute of limitations has expired.

11. Exhibit 1 offers to settle the debt, which implies that the alleged debt is legally enforceable by offering a settlement.

12. Nothing in Exhibit 1 disclosed that the debt was barred by the statute of limitations or not legally enforceable.

13. The offer of a settlement on a time-barred debt is misleading, in violation of the FDCPA. See *Buchanan v. Northland Group Inc.*, 776 F.3d 393 (6th Cir. 2015) and *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

14. The Consumer Financial Protection Bureau has found that "consumers, in some

14. circumstances, may infer from a collection attempt the mistaken impression that a debt is enforceable in court even in the absence of an express or implied threat of litigation." 78 Fed.Reg. 67848, 67875-67876 (Nov. 12, 2013).

15. In reaching this conclusion, the CFPB relied on prior studies and action taken by the FTC with respect to time-barred debt collection, as well as case law and independent studies. *Id.* See, *e.g.*, *id*. at 67875 n.236 (citing *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480 (M.D. Ala. 1987) and *Basile v. Blatt Hasenmiller Liebsker & Moore LLC*, 632 F.Supp.2d 842 (N.D. Ill.2009)), *id.* at n.237 (citing Timothy E. Goldsmith & Natalie Martin – "Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time- Barred Debts?" – 64 Consumer Fin. L.Q. Rep. 372).

16. 15 U.S.C. §1692e provides that

    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

    **(2)     The false representation of –**

    **(A)     the character, amount, or legal status of any debt....**

    **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

17. 15 U.S.C. §1692f provides that

    **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

    **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law....**

## COUNT ONE – FDCPA CLAIM ON BEHALF OF A CLASS

18. As described in this complaint, defendants violated 15 U.S.C. §§1692e and 1692f. Both defendants are jointly and severally liable for their FDCPA violations.

### Class Allegations

19. Plaintiff seeks relief for a class under Fed.R.Civ.P. 23(b)(3).

20. The class consists of all individuals with Michigan addresses to whom Convergent Outsourcing sent a letter offering a settlement of a debt owned by Palisades Collection, which had a date of last payment or activity more than six years prior to the letter, which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

21. Because, on information and belief, there are more than 40 individuals within the class, the joinder of members of claims is impracticable.

22. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members; these include (A) whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt, and (B) whether this practice violates the FDCPA.

23. Plaintiff's claim is typical of the claims of the class members, as it is based on the same factual circumstances and legal theories.

24. Plaintiff will fairly and adequately represent the class members, and has retained counsel experienced in class actions and FDCPA litigation.

25. A class action is superior for the fair and efficient adjudication of this matter, in that (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

### Demand for Jury Trial

26. Plaintiff respectfully demands trial by jury.

**Demand for Judgment for Relief**

ACCORDINGLY, plaintiff, for himself and the class alleged herein, respectfully requests that the Court (A) assume jurisdiction over all claims, (B) award actual damages to plaintiff and the class, (C) award statutory damages to plaintiff and the class under 15 U.S.C. §1692k, (D) award costs and attorney's fees to plaintiff and the class under 15 U.S.C. §1692k, and (E) provide for all other proper relief.

Respectfully submitted,

DATED: March 11, 2015   By:   s/ Adam G. Taub
Adam G. Taub (P48703)
ADAM G. TAUB & ASSOCIATES
    CONSUMER LAW GROUP PLC
18930 West 10 Mile Rd. Suite 2500
Southfield, MI 48075
Phone:  (248) 746-3790
Email:   adamgtaub@clgplc.net

s/ Thomas E. Soule
Daniel A. Edelman
Cathleen M. Combs
Thomas E. Soule
EDELMAN COMBS LATTURNER
    & GOODWIN LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Email: tsoule@edcombs.com,
courtecl@edcombs.com

Attorneys for Plaintiff